By the Court.

Two grounds have been taken in support of this action. The first relates to the authority of the assessors, one of whom lived upon and owned a farm in the adjoining town of Wal pole, which farm was owned and occupied in February, 1794, by one Enoch Ellis, who was, by the private statute of 17'83, c. 27, with several other persons named in the act, together with their polls and estates, set off from Walpole and annexed to the third parish in Dedham, to which parish the act declares they shall forever thereafter be considered as belonging, there to do duty and enjoy parish privileges.
The effect of this act was permanently to alter the boundaries of" the parish, so far as to include therein the lands then owned by the persons named in the act, and to make every person afterwards living upon those lands, or upon any part of them, members of the parish in Dedham, although as to municipal duties and rights they continued to be inhabitants of Walpole.
It follows, then, that Richards, one of the assessors, who owned and lived upon the farm which, at the date of the act *of 1784, belonged to Enoch Ellis, was eligible as an [ * 92 ] assessor of the parish, and, when chosen and sworn, was legally authorized to execute the duties of that office.
The second point applies to the authority of the collector; and a provision of the statute of 1785, c. 70, for the choice and appointment of collectors, and for ascertaining their power and duty, has been cited in support of this objection.
But the meaning of the provision is misconceived. When the statute gives authority to collectors to collect all such assessments as shall be granted or agreed upon, it intends all such assessments as should be granted or agreed upon after the passing of the law; and not after the appointment of the collector.
Neither of the points made for the plaintiff being in our opinion sufficient to support his action, the defendants are entitled to judgment.

Plaintiff nonsuit.